UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFERIES LEVERAGED CREDIT PRODUCTS, LLC, | Case No. _____ |
| Plaintiff, | **NOTICE OF REMOVAL** |
| vs. | Removed from: |
| INVICTUS GLOBAL MANAGEMENT, LLC, | Supreme Court of the State of New York, New York County, Index No. 654677/2022 |
| Defendant. | |

**TO:**   Clerk of the U.S. District Court for the Southern District of New York:

**PLEASE TAKE NOTICE THAT** Defendant Invictus Global Management, LLC ("Invictus"), through undersigned counsel, hereby gives notice and removes to this Court the state court action described herein.  The state court action, and all claims and causes of action therein, are removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.  This removal is made pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served on Plaintiff's counsel of record and filed in the Supreme Court of the State of New York, County of New York.

Invictus appears for the purpose of removal only and for no other purpose, and reserves all available rights and defenses.

### STATEMENT OF JURISDICTION

1.   This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and which may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 for the reasons set forth below.

## THE REMOVED ACTION

2. On December 7, 2022, Plaintiff Jefferies Leveraged Credit Products, LLC ("Plaintiff") filed a Complaint (the "Complaint") against Invictus in the Supreme Court of the State of New York, County of New York (the "State Court Action"). The State Court Action was assigned Index No. 654677/2022. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit 1.

3. It appears the Summons and Complaint were served on Invictus's registered agent in Delaware on December 8, 2022. A copy of the Affidavit of Service is attached hereto as Exhibit 2. Because the Summons and Complaint were not personally delivered to Invictus within the State of New York, Invictus has 30 days after the date of service in which to respond to the Complaint, not including the additional time provided by Fed. R. Civ. P. 81(c)(2)(C).

4. Invictus has not answered or otherwise responded to the Complaint, and Invictus is not aware of any further proceedings that have occurred in the State Court Action. A copy of the Docket for the State Court Action is attached hereto as Exhibit 3.

5. The Complaint, Summons and Affidavit of Service attached hereto constitute all process, pleadings and orders filed or served in the State Court Action to date. 28 U.S.C. § 1446(a).

## PROCEDURAL ISSUES

6. Removal is timely under 28 U.S.C. § 1446(b)(1). Invictus was served on December 8, 2022, and hereby removes this action within the 30-day period established by 28 U.S.C. § 1446(b)(1). No previous application has been made for removal.

7. Invictus is the sole Defendant. Therefore, there are no other defendants to join in or consent to removal.

8. Venue is proper under 28 U.S.C. § 1441(a), because this is the U.S. District Court

for the district where the State Court Action is pending. The Supreme Court of the State of New York, for the County of New York, is located within the Southern District of New York. 28 U.S.C. § 112(b).

9. Upon the filing of this Notice of Removal, Invictus will immediately submit to the Clerk of the Supreme Court of the State of New York, New York County, a Notice of Filing of Notice of Removal pursuant to 28 U.S.C. § 1446(d), and will give written notice thereof and of this Notice of Removal to all adverse parties. A copy of the Notice of Filing of Notice of Removal to be filed in the Supreme Court of the State of New York is attached hereto as Exhibit 4.

## JURISDICTION IS PROPER UNDER SECTION 1332(a)

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), which grants federal district courts original jurisdiction over all civil actions where (1) the action is between "citizens of different States;" and (2) the matter in controversy exceeds "the sum or value of $75,000, exclusive of interest and costs." As explained below, this action satisfies both these requirements, and thus removal is proper pursuant to 28 U.S.C. § 1441. This civil action could have originally been filed in this Court and is now properly removed to this Court.

### A. Complete Diversity of Citizenship Exists.

11. Diversity of citizenship exists when a suit is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Section 1332(a) requires "complete diversity" of citizenship.

12. Here, there is complete diversity of citizenship between Invictus and Plaintiff. Invictus is a citizen of the State of Texas and the State of Minnesota, and Plaintiff is a citizen of the State of New York. Thus, there is complete diversity of citizenship as required by Section 1332(a)(1). Invictus is not a citizen of the State of New York and, therefore, is not precluded from removing by 28 U.S.C. § 1441(b)(2).

13. **Defendant Invictus Global Management, LLC.**  Invictus is a limited liability company formed under the laws of the State of Delaware, and its principal place of business is in Austin, Texas.  *See* Compl., ¶ 8.  Invictus has two members:  Amit Patel and Cindy Chen Delano.  *See* Compl., ¶ 1.  Amit Patel is an individual who is domiciled, lives and resides in the State of Texas.  Cindy Chen Delano is an individual who is domiciled, lives and resides in the State of Minnesota.  Accordingly, Invictus is a citizen of the State of Texas and the State of Minnesota.  *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016) ("In general, the citizenship of a limited liability company is determined by the citizenship of each of its members."); *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019) ("An individual's citizenship, within the meaning of the diversity statute, is determined by his [or her] domicile….") (citation omitted).

14. **Plaintiff Jefferies Leveraged Credit Products, LLC.**  Plaintiff is a limited liability company formed under the laws of the State of Delaware, and its principal place of business is in New York City, New York.  *See* Compl., ¶ 7.  The Complaint alleges that Plaintiff "is a privately held Delaware limited liability company and is a wholly owned subsidiary of Jefferies Financial Group Inc."  *See* Compl., ¶ 12.  Moreover, Invictus's investigation indicates that: (a) Plaintiff's member is Jefferies LLC, a Delaware limited liability company with its principal place of business in New York City, New York; and (b) Jefferies LLC's member is Jefferies Financial Group Inc., a corporation incorporated under the laws of the State of New York with its principal place of business in New York City, New York.  Accordingly, Plaintiff is a citizen of the State of New York.  *See Carter*, 822 F.3d at 60 (limited liability company's citizenship is determined by citizenship of each member, and a corporation is deemed "to be a citizen both of the state in which it has its principal place of business and of any state in which it is incorporated"); 28 U.S.C. § 1332(c)(1).

### B. Amount in Controversy Exceeds $75,000.

15. Section 1332(a) also requires that the matter in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

16. The Complaint alleges Plaintiff "brings this action to recover damages of no less than $3 million plus the attorney's fees and expenses that [Plaintiff] has incurred as a result Invictus's" alleged conduct. Compl., ¶ 6. The Complaint alleges that Plaintiff seeks to recover alleged damages in connection with a purported agreement for Plaintiff to sell, and Invictus to purchase, "$5 million face amount of bankruptcy creditor claims (the 'Claims') asserted in the bankruptcy of LATAM Airlines Group S.A. ('LATAM') at a sale price of 68 cents on the dollar (the 'Transaction')." Compl., ¶ 2.

17. The allegations of the Complaint facially satisfy the amount in controversy requirement of 28 U.S.C. § 1332(a), even though Invictus denies there was an enforceable contract, denies it breached such alleged agreement, and denies Plaintiff has sustained any cognizable damages. *See Peoples Club of Nigeria Int'l v. Peoples Club of Nigeria—N.Y. Branch*, 821 F. App'x 32, 34 (2d Cir. 2020) ("For diversity jurisdiction to attach, a plaintiff must assert a claim for damages that meets the amount in controversy requirement 'to a reasonable probability,' but 'we recognize a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.'") (citation omitted); *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982) (holding that jurisdictional determination is made on the basis of the plaintiff's allegations, even where those allegations leave grave doubt about the likelihood of a recovery of the requisite amount).[1]

---

[1] Invictus does not concede or admit, in any fashion, that Plaintiff's assertion it is entitled to damages in such an amount, or any amount, has any legal or factual merit, and Invictus reserves all rights and defenses against such claims.

**NOTICE TO ADVERSE PARTY AND STATE COURT**

18.     Pursuant to 28 U.S.C. § 1446(d), Invictus is serving written notice of the removal of this case via e-mail and FedEx on Plaintiff's following counsel identified in the Complaint:

> David Litterine-Kaufman, Esq.
> dlitterinekaufman@orrick.com
> Harry F. Murphy, Esq.
> hmurphy@orrick.com
> Orrick, Herrington & Sutcliffe LLP
> 51 West 52nd Street
> New York, NY 10019-6142

19.     Pursuant to 28 U.S.C. § 1446(d), Invictus will promptly file a Notice of Filing of Notice of Removal, attaching a copy of this Notice of Removal, with the Clerk of the Supreme Court of the State of New York, County of New York.

**PRESERVATION OF RIGHTS AND DEFENSES**

20.     Invictus reserves the right to submit additional allegations and/or evidence in support of this Notice of Removal, to amend or supplement this Notice of Removal, and/or seek jurisdictional discovery, including as may be necessary to address and refute any contentions Plaintiff may make regarding its citizenship or otherwise set forth in any motion to remand.

21.     Invictus reserves all rights, defenses and/or claims, including, but not limited to, objections as to personal jurisdiction and the right to move to dismiss the Complaint for, among other things, failure to state a claim for relief. The filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

**CONCLUSION**

Pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, Invictus hereby removes this civil action from the Supreme Court of the State of New York, County of New York, to the U.S. District Court for the Southern District of New York.

Dated: New York, New York
January 6, 2023

Respectfully submitted:



1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida 33131
Phone: (305) 350-5116
Fax: (305) 372-2738

By:   */s/ Adam L. Schwartz*
Adam L. Schwartz
Email: aschwartz@homerbonner.com

and

**OTTERBOURG P.C.**

By: */s/ Erik B. Weinick*
Erik B. Weinick
230 Park Avenue
New York, NY 10169
(212) 661-9100
Email: eweinick@otterbourg.com

*Attorneys for Defendant Invictus Global Management, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 6, 2023, the foregoing Notice of Removal was filed with the Clerk of this Court via CM/ECF and that true and correct copies of same were served upon Plaintiff's counsel via FedEx and e-mail at the following addresses listed in the Complaint:

>David Litterine-Kaufman, Esq.
>dlitterinekaufman@orrick.com
>Harry F. Murphy, Esq.
>hmurphy@orrick.com
>Orrick, Herrington & Sutcliffe LLP
>51 West 52nd Street
>New York, NY 10019-6142

*/s/ Erik B. Weinick*
_____
Erik B. Weinick

*Attorney for Defendant*